UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN WISE a/k/a/ SUSAN WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00095 AGF |
| ) | |
| WHEATON VAN LINES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This removal case is before the Court[1] on the motion of Defendant Wheaton Van Lines, Inc., to dismiss the complaint for failure to state a claim, and on Plaintiff Susan Wise's motion to amend the complaint.

Plaintiff filed this action in state court for breach of contract. She alleged that she had contracted with Defendant, a nationwide carrier for hire specializing in the transport and moving of household goods, to transport her household effects from Florida to Missouri, and that Defendant delivered her personal property in a lost, broken, or destroyed condition. She sought damages of $25,000. Defendant removed the action to this Court asserting federal question jurisdiction on the ground that Plaintiff's claim is completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which provides the exclusive remedy for shippers or owners of goods lost or damaged in interstate commerce against motor carriers.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Defendant then filed the present motion to dismiss Plaintiff's complaint, which only states a state law breach of contract claim, whereupon Plaintiff filed a motion to amend the complaint.  Plaintiff maintains that the complaint as filed in state court is sufficient to state a state law claim for breach of contract as well as a claim under the Carmack Amendment.  The proposed amended complaint merely changes the caption of the case from the state court caption to this Court's caption.  Nowhere in the body of the complaint is the Carmack Amendment mentioned or alluded to.  Defendant has not filed a response to the motion to amend.

It is clear that Plaintiff's claim against Defendant is completely preempted by the Carmack Amendment, see, e.g., Fulton v. Chicago, Rock Island & P.R. Co., 481 F.2d 326, 331 (8th Cir. 1973), and that the proposed amended complaint is deficient and subject to dismissal for failing to specifically plead such a claim.  See Techdisposal.com, Inc. v. CEVA Freight Mgmt., No. 2:09-cv-356, 2009 WL 4283090, at *4 (S.D. Ohio Nov. 30, 2009) ("The state common law causes of action asserted by the Plaintiff do not translate magically to a federal claim under the Carmack Amendment; instead, the underlying complaint must explicitly plead claims pursuant to the Carmack Amendment.") (citation omitted); Taylor v. Allied Van Lines, No. CV-08-1218-PHX-GMS, 2008 WL 5225809, at *2 (D. Ariz. Dec. 15, 2008).

Nevertheless, the proposed amended complaint can be read to set forth the three elements of a claim under the Carmack Amendment -- receipt of the goods by the shipper in good condition, arrival in damaged condition, and amount of damages.  Further, although unclear, Plaintiff's motion to amend can be read to assert Plaintiff's intention to proceed under the Carmack Amendment.  If it is not Plaintiff's intention to proceed with her claims under the

Carmack Amendment, she shall have seven (7) days to file a notice to that effect, in which case the Court shall reconsider this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Complaint is **GRANTED**.  [Doc. #12]

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Complaint is **DENIED**. [Doc. #9]

A Scheduling Conference will be set in this case by separate Order.

                                                                    *Audrey G. Fleissig*
                                                                    AUDREY G. FLEISSIG
                                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of April, 2010.